I. TANENBAUM SON & COMPANY, Appellant, *v.* BROOKLYN FURNITURE COMPANY, Respondent.

First Department, May 29, 1930.

*Charles A. Houston* of counsel [*Otterbourg, Steindler & Houston,* attorneys], for the appellant.

*Jonas J. Shapiro* of counsel [*Greenbaum, Wolff & Ernst,* attorneys], for the respondent.

SHERMAN, J.   Plaintiff's motion under rule 113 of the Rules of Civil Practice for summary judgment was denied.   The action is for $17,000 liquidated damages for breach of the written contract annexed to the complaint.

In prior actions the validity of this form of contract has been sustained.   (*Tanenbaum, Son & Co.* v. *Rothenberg & Co.,* 201 App. Div. 272; affd., 236 N. Y. 520; *Tanenbaum* v. *Federal Match Co.,* 189 id. 75.)

The only issues which defendant maintains require a trial are, whether the defendant executed the agreement; whether there has been due performance by plaintiff; and, finally, the affirmative defense of illegality, in that the contract may require defendant to overinsure its property, because of the stated minimum amount of insurance which defendant agreed to carry.

While the answer denies the making of the written contract, this denial is patently false, as was shown by the original and the photostatic copy of the agreement.

That plaintiff has fully performed its part of the contract is clear.   The respect in which defendant claims a lack of performance is plaintiff's refusal to remove a so-called violation upon the sprinkler system.   The only support of that contention is the filing by an inspector of the New York Fire Insurance Exchange, on April 13,

1929, of a report recommending a change in the sprinkler system. That manifestly is of no avail because plaintiff was not obligated to make changes after installation, except in so far as it might from time to time deem it requisite and proper so to do.

Nor is the agreement against public policy. Illegality is not presumed. The contract may not be condemned because in the performance of it, it is possible that a party might break the law. Overinsurance neither constitutes a wrong, nor invalidates a policy of fire insurance. Surely, it does not necessarily follow that because of overinsurance an insured would falsely and fraudulently claim in his proof of loss greater damages than he actually sustained.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for summary judgment as demanded in the complaint granted, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.